**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**TAM MINH NGUYEN, Defendant–Appellant.**

No. 05–30508.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2007.

Filed June 6, 2007.

David Reese Jennings, Esq., Office of the U.S. Attorney, Tacoma, WA, Mark N. Bartlett, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Michael G. Martin, Esq., Siderius Lonergan & Martin, LLP, Seattle, WA, for Defendant–Appellant.

Before: BRUNETTI, McKEOWN, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Tam Minh Nguyen was convicted by a jury on four drug-related charges, including conspiracy to import ecstasy, importation with intent to distribute, and two counts of possession with intent to distribute. He appeals his conviction and sentence. We affirm.

■ First, the district court did not abuse its discretion in sustaining the government's objection to defense counsel's closing argument regarding the lack of fingerprint evidence. Although defense counsel could have properly argued "that the lack of fingerprint evidence weakened the government's case" and supported a finding of reasonable doubt, it was improper for counsel to raise the issue in the context of an argument that "suggest[ed] negative, speculative inferences about the reliability of police investigative practices." *United States v. Thompson*, 37 F.3d 450, 454 (9th Cir.1994). Moreover, given that the defense was otherwise permitted to extensively argue its "lack of evidence" theory and the lack of fingerprint evidence was but one part of that broader argument, any claimed error in limiting counsel's summation was harmless.

■ Second, there was neither prosecutorial misconduct nor any infringement of Nguyen's right to confront witnesses when the government allegedly failed to "perfect" its impeachment of Nguyen's wife, Hoang Kim Vo. Contrary to Nguyen's contention, after properly using transcripts of Vo's prior inconsistent statements during its cross-examination, the government had no duty under *United States v. Hibler*, 463 F.2d 455, 461 (9th Cir.1972), to offer the

---

\* This disposition is not appropriate for publication and is not precedent except as provided   by 9th Cir. R. 36–3.

transcripts in evidence. *United States v. Stanfield*, 521 F.2d 1122, 1126–27 (9th Cir. 1975)(per curiam); *see also* Fed.R.Evid. 613.

Third, because Nguyen failed at any point to move for judgment of acquittal under Federal Rule of Criminal Procedure 29, we review the sufficiency of the evidence only for "plain error or to prevent a manifest injustice." *United States v. Delgado*, 357 F.3d 1061, 1068 (9th Cir. 2004). Viewing the evidence in the light most favorable to the prosecution and making all reasonable inferences in its favor, we conclude that a rational jury could find beyond a reasonable doubt that Nguyen was a knowing participant in the drug smuggling conspiracy in which Vo was admittedly involved, and that Nguyen was in constructive possession of ecstasy at the Seattle apartment where he cohabited with Vo—his wife and co-conspirator. *See United States v. Hernandez*, 876 F.2d 774, 777–78 (9th Cir.1989); *United States v. Arbelaez*, 719 F.2d 1453, 1458–59 (9th Cir. 1983).

Finally, given Nguyen's receipt and control over the significant sums of money deposited into his account, the significant quantities of drugs found in both the car and the apartment, and the facts that Nguyen drove the car and spoke for Vo when questioned by law enforcement, the district court did not clearly err in finding that Nguyen's role was not "minor" for purposes of denying a two-level sentence reduction under U.S.S.G. § 3B1.2(b). *See United States v. Murillo*, 255 F.3d 1169, 1179 (9th Cir.2001), *overruled on other grounds as recognized in United States v. Mendez*, 476 F.3d 1077, 1080 (9th Cir. 2007).

**AFFIRMED.**